

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 25, 1939

Hon. G. A. Walters
County Attorney
San Saba County
San Saba, Texas

Dear Sir:

Opinion No. O-836
Re: What additional fees, if any, may
be collected by the County Attorney, District Clerk, Sheriff or
Constable, in a suit brought by
the County Attorney to recover delinquent taxes on real property due
the state and county, where a city,
independent school district or
other "taxing unit" is impleaded
or intervenes as authorized by
Article 7345b, Vernon's Annotated
Statutes?

We have your letter of May 17th, which reads
as follows:

"Where suits are brought for delinquent
taxes for the state and county, as I understand the statutes the only fees that can be
taxed against the defendant in favor of the
officers is $2.00 each in favor of the sheriff, the district clerk and the county attorney unless there is more than one tract, and
for each additional tract the attorney shall
receive $1.00 additional, provided his fee
shall not amount to more than $5.00.

"Where the city and the independent
school district intervene are these officers,
all or any of them, entitled to the same fee

in each case of intervention? Or, shall
the officers receive any additional fees
where there are pleas of intervention?

"As county attorney filing these suits,
as I understand it, I am entitled to not
more than ten percent commissions for the
amount of judgment in favor of intervenors
taxed as part of the costs, and perhaps should
not be entitled to the additional $2.00 as
attorney's fee for intervening, but the clerk
and the sheriff should be entitled to an addi-
tional $2.00 each for the intervention."

If we have correctly interpreted your inquiry,
the question submitted is as above stated.

In order that we may give you the information
requested, we deem it necessary to first review the per-
tinent statutes relating to the subject under inquiry.

Section 1 of Article 7332, Revised Civil Sta-
tutes, as amended by Chapter 16, 2nd Called Session,
42nd Legislature, reads:

"The County or District Attorney shall
represent the State and County in all suits
against delinquent tax-payers, and all sums
collected shall be paid over immediately to
the County Collector.

"Before filing suits for the recovery
of delinquent taxes for any year, notice
shall be given to the owner or owners of said
property as is provided for in Article 7324
of the Revised Civil Statutes of Texas, 1925,
as amended by Chapter 117, Page 196, Acts of
the Forty-Second Legislature, Regular Session.
The fees herein provided for shall not accrue
to nor shall the various officers herein named
be entitled thereto in any suit unless it be
proved that notice has been given to the owner
for the time and in the manner provided by
law.

"In all cases, the compensation of said Attorney shall be Two ($2.00) Dollars for the first tract and One ($1.00) Dollar for each additional tract up to four (4), but said fee in no case to exceed Five ($5.00) Dollars. And provided, that in any suit brought against any individual or corporate owner, all past due taxes for all previous years on such tract or tracts shall be included; and provided, further that where there are several lots in the same addition or subdivision delinquent, belonging to the same owner, all said delinquent lots shall be made the subject of a single suit.

"All fees provided for the officers herein shall be treated as fees of office and accounted for as such, and said officers shall not receive nor retain said fees in excess of the maximum compensation allowed said officers under the laws of this State; and provided further that the County Attorney, Criminal District Attorney or District Attorney shall not be entitled to the fees herein provided for in instances where such delinquent taxes are collected under contracts between the Commissioners' Court and others for the collection of such taxes, and in such instances the fees herein provided for such officers shall not be assessed nor collected.

"The Sheriff or Constable of the County in which the suit is pending shall receive a fee of Two ($2.00) Dollars in each case which will cover the service of all process, and the selling of the property and executing deeds for same. If, in any such suit, process is issued to be served in Counties other than the one in which the suit is pending, the Sheriff or Constable serving the same shall receive a fee of One ($1.00) Dollar in each suit for his services.

"The District Clerk shall receive a fee

of Two ($2.00) Collars in full for his services in each case.

"The County Clerk shall receive One ($1.00) Dollar in full for his services in each case.

"Provided, that the fees herein provided for in connection with delinquent tax suits shall constitute the only fees that shall be charged by said officers for preparing, filing, instituting, and prosecuting suits on delinquent taxes and securing collection thereof, and all laws in conflict herewith are hereby repealed.

"In case the delinquent tax-payer shall pay to the collector the amount of delinquent taxes for which he is liable, together with accrued interest after the filing of suit before judgment is taken against him in the case, then, only one-half of the fees taxable in such a case, as provided for herein, shall be charged against him."

Article 7333, Revised Civil Statutes, provides that the fees allowed to the officers in the above quoted article "shall be taxed as costs against the land to be sold under judgment for taxes."

Both of these articles are a part of "Chapter 10, Title 122 of the Revised Civil Statutes of 1925," referred to in Section 13 of Article 7345a, Vernon's Annotated Statutes, hereinafter quoted.

In 1937, the Legislature for the first time enacted a rather comprehensive statute defining "taxing units" and authorizing such units to intervene, if not impleaded, made a party defendant, by another such unit which had filed suit for delinquent taxes due it on real property on which, or a part thereof, the impleaded or intervening unit also had a delinquent tax claim.



Chapter 506, Regular Session, 45th Legislature, Article 7345b, Vernon's Annotated Statutes. The pertinent sections of this Article are 1, 2, 6 and 13, which read, respectively, as follows:

"Sec. 1. For all purposes of this Act, the term 'taxing units,' shall include the State of Texas or any town, city or county in said State, or any corporation or district organized under the laws of the State with authority to levy and collect taxes.

"Sec. 2. In any suit hereafter brought by or in behalf of any taxing unit as above defined, for delinquent taxes levied against property by any such taxing unit, the plaintiff may implead as parties defendant any or all other taxing units having delinquent tax claims against such property, or any part thereof, and it shall be the duty of each defendant taxing unit, upon being served with citation as provided by law to appear in said cause and file its claim for delinquent taxes against such property, or any part thereof. It shall be sufficient service upon the State of Texas in any county in such suit to serve citation upon the County Tax Collector charged with the duty of collecting such delinquent taxes due the State and county against such property and it shall be sufficient service upon any other taxing unit to serve citation upon the officer charged with the duty of collecting the taxes of such taxing unit or upon the Mayor, President, or Chairman or the governing body of such taxing unit, or upon the Secretary of such taxing unit. Any taxing unit having any claim for delinquent taxes against such property may waive the issuance and service of citation upon it.

"It shall be mandatory upon any such taxing unit so filing such suit or suits, in all cases where all other taxing units are not impleaded to notify all such taxing units not so impleaded of the filing of such

suit or suits, such notice to be given by
depositing in the United States mail a re-
gistered letter addressed to such taxing
unit or units giving the name or names of
the plaitiff and defendants, the Court
where filed, and a short description of the
property involved in said suit so that such
taxing units not impleaded may have the
opportunity to intervene as herein provided.

"Sec. 6. All court costs, including
costs of serving process, in any suit here-
after brought by or in behalf of any taxing
units for delinquent taxes in which suits
all other taxing units having a delinquent
tax claim against such property of any part
thereof, have been impleaded, together with
all expenses of foreclosure sale and such
reasonable attorney's fees as may be incurred
by the interpleaded or intervening taxing
units, not exceeding ten per cent (10%)
of the amount sued for, such attorney's fees
to be subject to the approval of the court
together with such reasonable expenses as
the taxing units may incur in procuring data
and information as to the name, identity
and location of necessary parties and in
procuring necessary legal descriptions of
the property, shall be chargeable as court
costs.

"Sec. 13. The provisions of this Act
shall be cumulative of and in addition to
all other rights and remedies to which any
taxing unit may be entitled, but as to any
proceeding brought under this Act, if any
part of portion of this Act be in conflict
with any part or portion of any law of the
State, the terms and provisions of this
Act shall govern as to such proceeding.
The provisions of Chapter 10, Title 122 of
the Revised Civil Statutes of 1925 shall
govern suits brought under this Act except
as herein provided. Acts 1937, 45th Leg.,
p. 1494-a, ch. 506.

All of the above quoted statutes relate to the collection of delinquent taxes by suit and/or the fees to be allowed certain officers for services rendered in connection therewith and must be construed together. Article 7332 is an older statute than Article 7345b, and if in conflict with Section 6 thereof must yield to the provisions of the latter. From these statutes, we must get our answer to your question. In examining them, we must keep in mind that it is the established law of this state that "an officer may not claim or reach any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled." 34 Tex. Jur. 511. In other words, an officer may not claim a fee for a particular service rendered unless the statute has prescribed a fixed fee for said service. This is the rule, even though the fee or compensation fixed is unreasonable or inadequate. An officer may be required by law to perform specific services or discharge additional duties for which no compensation is provided. 34 Tex. Jur. pp. 530, 531.

Again, it has been specifically held by our courts that the rules of law above announced apply to fees of officers in suits for the collection of delinquent taxes, and that such statutes prescribing fees for public officers are strictly construed, and against permitting such fees by implication. Stater vs. State, 14 S. W. (2d) 874, reversed on other grounds, 38 S. W. (2d) 1097, and authorities there cited.

Article 7332 is an usually clear and unambiguous statute prescribing with certainty the exact amount of fees each of the officers named therein may receive for the respective services rendered by each in a suit brought by the state of Texas, a "taxing unit," to recover delinquent taxes on real property. The officers named may now collect only the fees therein allowed, and under the conditions named therein, unless otherwise provided in Section 6 of Article 7345b.

The court costs provided for in section 6, may be itemized as follows:

(a) "All court costs, including costs of serving process, in any suit hereafter brought by or in behalf of

any taxing units for delinquent taxes in which suits all other taxing units having a delinquent tax claim again such property of (or) any part thereof, have been impleaded, (b) together with all expenses of foreclosure sale, (c) and such reasonable attorney's fees as may be incurred by the interpleader or intervening taxing units, not exceeding ten per cent (10%) of the amount sued for, such attorneys fees to be subject to the approval of the court, (d) together with such reasonable expenses as the taxing units may incur in procuring data and information as to the name, identity and location of necessary parties, (e) and in procuring necessary legal descriptions of the property, shall be chargeable as court costs."

Prior to the enactment of the above quoted section 6 of Article 7345b, "all court costs" that could be taxed against the defendant in a suit of this kind brought by the state were those specified in Article 7332, as amended. The fees so specified included each and every kind of official service rendered by each of the officers named in said article.

Section 6 authorizes additional costs to be taxed against the defendant, but all of such additional costs are allowed to the taxing units made party defendants or that intervene. In this connection, it will be noted that the attorney's fee, not to exceed ten per cent (10%) of the amount sued for, is allowed to the impleaded or intervening tax units, and not to the plaintiff.

It is true that Article 7345b imposes upon the District Clerk the additional burden of issuing citations for each taxing unit made a party defendant, which the sheriff or constable must serve, but no additional compensation has been provided in said section for his service. Of course, if the interested taxing units are not made parties defendant, and they intervene, no citations are issued to nor served upon them.

Some additional, but not burdensome, duties are imposed upon the County Attorney. He must either make all



other interested taxing units parties defendant or give them notice of the filing of the state's suit by registered notice as provided in Section 2.

In view of the plain language of all the statutes pertinent to the subject and the established rules of law relating thereto, we conclude that the fees of the respective officers named in the question stated are fixed by Article 7332, as amended; that Article 7345b allows no additional fees to be collected by the District Clerk, Sheriff, Constable or County Attorney, as compensation for any additional services rendered and occassioned by said article. However, it appears that where the state or county is made a party defendant in a suit brought by some other taxing unit, or if not made a party and it is necessary for the state or county to intervene in the suit and the county attorney does file a pléa of intervention for the state or county, he is entitled to the attorney's fees allowed on the percentage basis provided for in Section 6. In such an event, he would not be entitled to the fees provided for in Article 7332, as amended. The fees there provided for him are for bringing the suit, while the percentage fees allowed to him in Section 6 are for answering for a defendant or for intervening for his client, a taxing unit which the law makes it his duty to represent. The actual services rendered are substantially the same, the purpose being to obtain a judgment against the taxpayer with a foreclosure of lien on the property involved, yet it seems that the Legislature has seen fit to distinguish between the services rendered and prescribed a different fee for each service. As heretofore noted, the percentage fee is allowed to the impleaded or intervening tax unit, yet it is specifically authorized to be collected as "attorney's fees," and we believe a reasonable interpretation of the statute is that the fee was intended to be given, when collected, to the attorney representing the taxing unit in the suit.



Hon. C. A. Walters, May 25, 1939, Page 10


      Hoping we have given you the information requested, we are

                    Yours very truly

             ATTORNEY GENERAL OF TEXAS

             By

                Bruce W. Bryant
                Assistant

BWB:PBP

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN